## UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
DISTRICT OF NEVADA
BRUCE R. THOMPSON U.S. COURTHOUSE
AND FEDERAL BUILDING
400 SOUTH VIRGINIA STREET #301
RENO, NEVADA 89501
(775) 686-5800

**LANCE S. WILSON**
DISTRICT COURT EXECUTIVE/CLERK

**JAKE HERB**
CHIEF DEPUTY, RENO

**CYNTHIA J. JENSEN**
CHIEF DEPUTY, LAS VEGAS

May 12, 2016

Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 120
New York, NY 10007-1312

RE: USA v. Bevan Cooney
Your File No.: 1:16-mj-02978-UA
Our File No.: 3:16-mj-00070-WGC



Dear Clerk:

Please be advised that the above referenced Defendant was arrested in the District of Nevada (Reno) on Wednesday, 5/11/2016, on a warrant issued by the Southern District of New York. Mr. Cooney has appeared before the Honorable William G. Cobb, and has been released on a personal recognizance bond. An order has been entered directing the Defendant appear in the Southern District of New York at a date and time established by the U.S. Attorney's Office and Defendant's counsel.

Enclosed are all documents completed in this district.

If you have any questions or require further information, please do not hesitate to contact me at (775) 686-5758.

Sincerely yours,

LANCE S. WILSON, CLERK OF COURT

By: Katie Lynn Ogden
Courtroom Administrator to
Magistrate Judge William G. Cobb

Enclosures

# United States District Court
## District of Nevada (Reno)
## CRIMINAL DOCKET FOR CASE #: 3:16-mj-00070-WGC-1
### Internal Use Only

Case title: USA v. Cooney  
Other court case number: 16 MAG 2978 USDC Southern District of New York

Date Filed: 05/11/2016

Assigned to: Magistrate Judge William G. Cobb

### Defendant (1)

**Bevan Cooney**     represented by **Matthew Donald Umhofer**
Spertus, Landes & Umhofer
1990 South Bundy Drive
Suite 705
Los Angeles, CA 90025
(310) 826 4700
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

### Pending Counts
None

### Disposition

### Highest Offense Level (Opening)
None

### Terminated Counts
None

### Disposition

### Highest Offense Level (Terminated)
None

### Complaints
18 USC 371 - Conspiracy to Commit Securities Fraud

### Disposition

### Plaintiff

| | | |
|---|---|---|
| **USA** | represented by | **Sue Fahami** <br> U.S. Attorney's Office <br> 100 West Liberty Street <br> Suite 600 <br> Reno, NV 89501 <br> (775)784-5438 <br> Fax: (775)784-5181 <br> Email: sue.p.fahami@usdoj.gov <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/11/2016 | | Case assigned to Magistrate Judge William G. Cobb. (KO) (Entered: 05/11/2016) |
| 05/11/2016 | 🔒 | (Court only) **NON-PUBLIC** Set Hearing as to Bevan Cooney: Initial Appearance - Rule 5 set for 5/11/2016 03:00 PM in Reno Courtroom 2 before Magistrate Judge William G. Cobb. (KO) (Entered: 05/11/2016) |
| 05/11/2016 | [1](#) | Rule 5(c)(3) Documents Received as to Bevan Cooney. Documents received from Southern District of New York include Arrest Warrant, Sealed Complaint. (KR) (Entered: 05/11/2016) |
| 05/11/2016 | 2 | MINUTES OF PROCEEDINGS - Initial Appearance in Rule 5(c)(3) Proceeding as to Bevan Cooney held on 5/11/2016 before Magistrate Judge William G. Cobb. Crtrm Administrator: *Katie Lynn Ogden*; AUSA: *Sue Fahami*; Def Counsel: *Matthew Donald Umhofer*; PTS: *Jennifer Simone*; FTR #: *FTR*; Time of Hearing: *3:46:39 p.m. - 4:00:50 p.m.*; Courtroom: *2*. <br><br> Defendant is present in custody with retained counsel. Age: 43. Education: college, did not graduate. Defense counsel retained; however, Mr. Umhofer is not admitted to practice in the District of Nevada. The court and counsel confer. For purposes of today's hearing, Mr. Umhofer may proceed as counsel in the matter for Defendant's Rule 5 initial appearance and will not be required to comply with LR IA 11-2. The Government makes no objection. The court explains, however, should any further proceedings be necessary in this district for this matter, Mr. Umhofer will be required to comply with the local rules regarding admission to practice in the District of Nevada. <br><br> The court proceeds with Defendant's initial appearance. Designation of retained counsel form filed. Assertion of 5th & 6th Amendment Rights form filed. Waiver of Rule 5 & 5.1 Hearings filed. <br><br> Detention hearing held. The Government joins the recommendation of the Pretrial Services Report; however, Ms. Fahami explains the Government will likely seek a new bond from the Southern District of New York once the Defendant appears for his next court appearance. Defense counsel agrees the recommendation and conditions set forth are appropriate; however, Mr. Umhofer proposes new language with regard to the |

| | | |
|---|---|---|
| | | employment condition set forth in PTS recommendation. The court and counsel agree on specific language for the employment condition. The court concurs with PTS recommendation and reviews the conditions of release with the Defendant. The Defendant is to be released on a Personal Recognizance Bond with conditions pending further court appearances in the Southern District of New York.<br><br>Mr. Umhofer explains he will reach out to the Assistant U.S. Attorney in the Southern District of New York to obtain a date and time for Defendant's next court appearance. Defendant is released on bond. IT IS SO ORDERED. **(no image attached)** (Copies have been distributed pursuant to the NEF - KO) (Entered: 05/12/2016) |
| 05/11/2016 | 3 | DESIGNATION of Retained Counsel and Appearance Praecipe, by Matthew Donald Umhofer on behalf of Bevan Cooney. (KR) (Entered: 05/13/2016) |
| 05/11/2016 | 4 | NOTICE - ASSERTION OF FIFTH AND SIXTH AMENDMENT RIGHTS, by Bevan Cooney. (KR) Modified on 5/13/2016 to correct filed date (KR). (Entered: 05/13/2016) |
| 05/11/2016 | 5 | WAIVER of Rule 5 & 5.1 Hearings, by Bevan Cooney. (KR) (Entered: 05/13/2016) |
| 05/11/2016 | 6 | PR BOND Entered as to Bevan Cooney. (KR) (Entered: 05/13/2016) |
| 05/11/2016 | 7 | ORDER Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail. Signed by Magistrate Judge William G. Cobb on 5/11/2016. (Copies have been distributed pursuant to the NEF - KR) (Entered: 05/13/2016) |
| 05/12/2016 | 🔒 | (Court only) **NON-PUBLIC** Case unsealed as to Bevan Cooney. Complaint unsealed in the Southern District of New York. (KO) (Entered: 05/12/2016) |
| 05/12/2016 | 8 | TRANSMITTAL to the Southern District of New York (SDNY case 1:16-mj-02978-UA). (KR) (Entered: 05/13/2016) |

United States District Court

District of Nevada

## Notice of Electronic Filing

The following transaction was entered on 5/12/2016 at 1:55 PM PDT and filed on 5/11/2016
**Case Name:** USA v. Cooney
**Case Number:** 3:16-mj-00070-WGC
**Filer:**
**Document Number:** 2(No document attached)

**Docket Text:**
**MINUTES OF PROCEEDINGS - Initial Appearance in Rule 5(c)(3) Proceeding as to Bevan Cooney held on 5/11/2016 before Magistrate Judge William G. Cobb. Crtrm Administrator:** *Katie Lynn Ogden*; **AUSA:** *Sue Fahami*; **Def Counsel:** *Matthew Donald Umhofer*; **PTS:** *Jennifer Simone*; **FTR #:** *FTR*; **Time of Hearing:** *3:46:39 p.m. - 4:00:50 p.m.*; **Courtroom:** *2.*

**Defendant is present in custody with retained counsel. Age: 43. Education: college, did not graduate. Defense counsel retained; however, Mr. Umhofer is not admitted to practice in the District of Nevada. The court and counsel confer. For purposes of today's hearing, Mr. Umhofer may proceed as counsel in the matter for Defendant's Rule 5 initial appearance and will not be required to comply with LR IA 11-2. The Government makes no objection. The court explains, however, should any further proceedings be necessary in this district for this matter, Mr. Umhofer will be required to comply with the local rules regarding admission to practice in the District of Nevada.**

**The court proceeds with Defendant's initial appearance. Designation of retained counsel form filed. Assertion of 5th & 6th Amendment Rights form filed. Waiver of Rule 5 & 5.1 Hearings filed.**

**Detention hearing held. The Government joins the recommendation of the Pretrial Services Report; however, Ms. Fahami explains the Government will likely seek a new bond from the Southern District of New York once the Defendant appears for his next court appearance. Defense counsel agrees the recommendation and conditions set forth are appropriate; however, Mr. Umhofer proposes new language with regard to the employment condition set forth in PTS recommendation. The court and counsel agree on specific language for the employment condition. The court concurs with PTS recommendation and reviews the conditions of release with the Defendant. The Defendant is to be released on a Personal Recognizance Bond with conditions pending further court appearances in the Southern District of New York.**

**Mr. Umhofer explains he will reach out to the Assistant U.S. Attorney in the Southern District of New York to obtain a date and time for Defendant's next court appearance. Defendant is released on bond. IT IS SO ORDERED. (no image attached) (Copies have been distributed pursuant to the NEF - KO)**

**3:16-mj-00070-WGC-1 Notice has been electronically mailed to:**

Sue Fahami    sue.p.fahami@usdoj.gov, CaseView.ECF@usdoj.gov, Glenda.G.Newby@usdoj.gov, Joanie.Silvershield@usdoj.gov

**3:16-mj-00070-WGC-1 Notice has been delivered by other means to:**

Matthew Donald Umhofer
Spertus, Landes & Umhofer
1990 South Bundy Drive
Suite 705
Los Angeles, CA 90025

____ FILED   ____ RECEIVED
____ ENTERED   ____ SERVED ON
              COUNSEL/PARTIES OF RECORD

MAY 1 1 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA, )
                          )
Plaintiff,                )
                          )
vs.                       )   Case # 3:16-mj-00070-WGC
                          )
BEVAN COONEY,             )   **DESIGNATION OF RETAINED COUNSEL**
                          )   **AND APPEARANCE PRAECIPE**
                          )
Defendant.                )

The undersigned defendant hereby appoints  Matthew Donald Umhofer

to appear generally for him/her as his/her attorney and counselor at law throughout all proceedings in this case unless this appointment be sooner revoked.

DATED: 3.11.2016

_____
Defendant's signature

## APPEARANCE PRAECIPE

I hereby accept the foregoing appointment and request the Clerk to enter my appearance as attorney for the defendant, in response to the foregoing designation.

I personally will appear at all proceedings in this case. I understand that no other attorney may appear in my place unless prior permission is granted by the Court, and then <u>ONLY</u> when consent of the defendant has been obtained and filed with the Clerk.

I further state that I realize it is my responsibility to keep the defendant advised as to all proceedings in this case and to inform him/her when to appear in Court, and also to notify the Clerk of any change in my address or telephone number.

DATED: 3.11.2016

_____
Attorney's signature
1990 South Bundy Drive, Suite 705
_____
Attorney's address

_____
Los Angeles, CA 90025

_____
(310) 826 4700

Attorney's phone number

Revised 6/15/09

```
_✓_ FILED          ___ RECEIVED
___ ENTERED        ___ SERVED ON
         COUNSEL/PARTIES OF RECORD

         MAY 1 1 2016

    CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

UNITED STATES OF AMERICA :

VS. : Crim. No. 3:16 MJ 70

__Bevan Cooney__
Defendant :

## ASSERTION OF FIFTH AND SIXTH AMENDMENT RIGHTS

I, the above named defendant, hereby assert my Fifth and Sixth Amendment rights to remain silent and to have counsel present at any and all of my interactions with any local, state or federal government or its agents. I will not waive any of my constitutional rights except in the presence of counsel, and I do not want any local, state or federal government or its agents to contact me seeking my waiver of any rights unless my counsel is present.

_____
(Defendant's signature)

Matthew Donnus Umhofer    1990 S. Bundy Ave., Suite 705
~~201 W. Liberty Street, Suite 102, Reno, Nevada 89501~~
(Attorney's name/address printed)    Los Angeles, CA 90025

_____
(Attorney's signature)

Date: 5.11.2016    Time: 10:30  (a.m.)/ p.m.

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
District of Nevada

FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 1 1 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

United States of America )
v. ) Case No. 3:16 MJ 70
Bevan Cooney )
Defendant ) Charging District's Case No. 16-MJ-2978

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* Southern Dist. of NY.

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑ an identity hearing and production of the warrant.

☑ a preliminary hearing.

☐ a detention hearing.

☑ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 5.11.2016

_____
Defendant's signature

_____
Signature of defendant's attorney

Matthew Donno Umitron
Printed name of defendant's attorney

AO 98 (Rev. 12/11) Appearance Bond

```
                                    FILED            RECEIVED
                             ___ ENTERED     ___ SERVED ON
                                     COUNSEL/PARTIES OF RECORD

                                         MAY 1 1 2016

                                      CLERK US DISTRICT COURT
                                        DISTRICT OF NEVADA
                             BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
## for the
## District of Nevada

| | |
|---|---|
| United States of America )<br>v. )<br>**BEVAN COONEY** )<br> )<br>*Defendant* ) | Case No. 3:16-mj-00070-WGC |

### Defendant's Agreement

I, _____ Bevan Cooney _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

- ( **X** )  to appear for court proceedings;
- ( **X** )  if convicted, to surrender to serve a sentence that the court may impose; or
- ( **X** )  to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

( **X** ) (1)  This is a personal recognizance bond.

(    ) (2)  This is an unsecured bond of $ _____ .

(    ) (3)  This is a secured bond of $ _____ , secured by:

    (    ) (a)  $ _____ , in cash deposited with the court.

    (    ) (b)  the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

    If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    (    ) (c)  a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

    (1)    all owners of the property securing this appearance bond are included on the bond;
    (2)    the property is not subject to claims, except as described above; and
    (3)    I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 5/11/2016

    *Defendant's signature*

*Surety/property owner – printed name*    *Surety/property owner – signature and date*

*Surety/property owner – printed name*    *Surety/property owner – signature and date*

*Surety/property owner – printed name*    *Surety/property owner – signature and date*

CLERK OF COURT

Date: 5/11/2016

    *Signature of Clerk or Deputy Clerk*

Approved.

Date: 5/11/2016

    *Judge's signature*

AO 199A (Rev. 12/11) Order Setting Conditions of Release

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 3:16-mj-00060-WGC |
| BEVAN COONEY | ) | |
| *Defendant* | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: AS ORDERED.
*Place*

on _____
*Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

Case 1:16-cr-00371-RA   Document 19   Filed 05/24/16   Page 13 of 17
Case 3:16-mj-00070-WGC   Document 6   Filed 05/11/16   Page 4 of 7
AO 199B (Rev. 04/14) Additional Conditions of Release

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

### SUPERVISION

( ) (6) The defendant is placed in the custody of:
Person or organization _____
Address *(only if above is an organization)* _____
City and state _____   Tel. No. _____
*(only if above is an organization)*
who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____   _____
*Custodian or Proxy*                            *Date*

(✓) (7) The defendant shall report to:   (✓) U.S. Pretrial Services Office   ( ) Las Vegas 702-464-5630   (✓) Reno 775-686-5964
no later than: _____   ( ) U.S. Probation Office            ( ) Las Vegas 702-527-7300   ( ) Reno 775-686-5980
( ) (8) The defendant is released on the conditions previously imposed.

### BOND

( ) (9) The defendant shall execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: _____
( ) (10) The defendant shall post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum: _____
( ) (11) The defendant shall execute a bail bond with solvent sureties in the amount of $ _____.

### PENDING MATTERS

( ) (12) The defendant shall satisfy all outstanding warrants within _____ days and provide verification to Pretrial Services or the supervising officer.
( ) (13) The defendant shall pay all outstanding fines within _____ days and provide verification to Pretrial Services or the supervising officer.
( ) (14) The defendant shall abide by all conditions of release of any current term of parole, probation, or supervised release.

### IDENTIFICATION

( ) (15) The defendant shall use his/her true name only and shall not use any false identifiers.
( ) (16) The defendant shall not possess or use false or fraudulent access devices.

### TRAVEL

(✓) (17) The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer.
( ) (18) The defendant shall report any lost or stolen passport or passport card to the issuing agency as directed by Pretrial Services or the supervising officer within 48 hours of release.
(✓) (19) The defendant shall not obtain a passport or passport card.
(✓) (20) The defendant shall abide by the following restrictions on personal association, place of abode, or travel:
Travel is restricted to the following areas:
( ) Clark County, NV   ( ) Washoe County, NV   (✓) State of NV   ( ) Continental U.S.A.   (✓) Other **STATE OF NEW YORK**
( ) (21) The defendant may travel to _____ for the purpose of _____

*OR AS OTHERWISE APPROVED BY PTS.*

### RESIDENCE

( ) (22) The defendant shall maintain residence at ( ) current or ( ) at: _____
and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.
( ) (23) The defendant shall maintain residence at a halfway house or community corrections center as Pretrial Services or the supervising officer considers necessary.
( ) (24) The defendant shall pay all or part of the costs for residing at the halfway house or community corrections center based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
( ) (25) The defendant shall return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____

### EMPLOYMENT

( ) (26) The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
( ) (27) The defendant shall not be employed in, or be present in, any setting directly involving minor children.
( ) (28) The defendant shall not secure employment in the following field(s): _____
( ) (29) The defendant is prohibited from employment/self-employment in a setting where he/she has access to financial transactions or the personal identifiers of others.

AO 199B (Rev. 04/14) Additional Conditions of Release, continued

**EDUCATION/VOCATION**
( ) (30) The defendant shall maintain or commence an education or vocational program as directed by Pretrial Services or the supervising officer.

**CONTACT**
( ) (31) The defendant shall avoid all contact directly or indirectly with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: _____.
( ) (32) The defendant shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.
( ) (33) The defendant is prohibited from contact with anyone under the age of 18, unless in the presence of a parent or guardian who is aware of the alleged instant offense.
( ) (34) The defendant shall report as soon as possible to Pretrial Services or the supervising officer any contact with law enforcement personnel, including but not limited to any arrest, questioning, or traffic stop.

**FIREARMS/WEAPONS**
( ) (35) The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
( ) (36) Any firearms and/or dangerous weapons shall be removed from the defendant's possession within 24 hours of release from custody and the defendant shall provide written proof of such to Pretrial Services or the supervising officer.

**SUBSTANCE ABUSE TESTING AND TREATMENT**
( ) (37) The defendant shall submit to an initial urinalysis. If positive, then (38) applies.
(✓) (38) The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
(✓) (39) The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
(✓) (40) The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
( ) (41) The defendant shall refrain from any use of alcohol.
(✓) (42) The defendant shall refrain from the excessive use of alcohol.
( ) (43) The defendant shall refrain from the use or possession of synthetic drugs or other such intoxicating substances.
( ) (44) The defendant shall not be in the presence of anyone using or possessing:
   ( ) (44A) A narcotic drug or other controlled substances
   ( ) (44B) Alcohol
   ( ) (44C) Intoxicating substances or synthetics
( ) (45) The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if Pretrial Services or the supervising officer considers it advisable.
( ) (46) The defendant shall pay all or part of the cost of the substance abuse treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

**MENTAL HEALTH TREATMENT**
( ) (47) The defendant shall undergo medical or psychiatric treatment.
( ) (48) The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer..
( ) (49) The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

**LOCATION MONITORING**
( ) (50) The defendant shall participate in one of the following location monitoring program components and abide by its requirements as Pretrial Services or the supervising officer instructs.
   ( ) (50A) Curfew.
      The defendant is restricted to his/her residence every day from _____ to _____ and/or a time schedule deemed appropriate by Pretrial Services or the supervising officer.
   ( ) (50B) Home Detention.
      The defendant is restricted to his/her residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by Pretrial Services or the supervising officer.
   ( ) (50C) Home Incarceration.
      The defendant is restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.

AO 199B (Rev. 04/14) Additional Conditions of Release, continued

- ( ) (51) The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology.
    - ( ) (51A) Location monitoring technology as directed by Pretrial Services or the supervising officer.
    - ( ) (51B) Voice Recognition monitoring.
    - ( ) (51C) Radio Frequency (RF) monitoring.
    - ( ) (51D) Global Positioning Satellite (GPS) monitoring.
- ( ) (52) The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.
- ( ) (53) The defendant shall pay all or part of the cost of the location monitoring program based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

**INTERNET ACCESS AND COMPUTERS**
- ( ) (54) The defendant shall not have access to computers or connecting devices which have Internet, Instant Messaging, IRC Servers and/or the World Wide Web, including but not limited to: PDA's, Cell Phones, iPods, iPads, Tablets, E-Readers, Wii, PlayStation, Xbox or any such devices, at home, place of employment, or in the community.
- ( ) (55) The defendant may only use authorized computer systems at his/her place of employment for employment purposes.
- ( ) (56) The defendant shall refrain from possession of pornography or erotica in any form or medium.

**FINANCIAL**
- ( ) (57) The defendant shall not obtain new bank accounts or lines of credit.
- ( ) (58) The defendant shall not act in a fiduciary manner on behalf of another person.
- ( ) (59) The defendant shall not use any identifiers, access devices, or accounts, unless under his/her true name.
- ( ) (60) The defendant shall not solicit monies from investors.
- ( ) (61) The defendant shall disclose financial information as directed by Pretrial Services or the supervising officer.
- ( ) (62) The defendant shall reimburse the Treasury of the United States for the cost of _____ (name of attorney) representation at the rate of $_____ per _____, payable to the Clerk of the Court for deposit in the Treasury, as follows:

**SEARCH**
- ( ) (63) The defendant shall be subject to search of person, residence and/or vehicle as directed by Pretrial Services or the supervising officer to ensure compliance with these conditions.

**OTHER PROHIBITED ACTIVITIES**
- ( ) (64) The defendant shall refrain from gambling or entering any establishment whose primary business involves gambling activities.
- ( ) (65) The defendant is prohibited from entering any establishment whose primary source of business involves pornography, erotica, or adult entertainment.
- ( ) (66) The defendant shall withdraw from any interest, in any state, that he/she may have in any business which is related to the sale, distribution, manufacture or promotion of marijuana or synthetic marijuana. This includes other dispensaries or paraphernalia stores.
- ( ) (67) The defendant shall not obtain or renew a "medical marijuana" card within the State of Nevada or any other state.
- ( ) (68) All aspects of the _____ dispensary shall be closed.
- ( ) (69) All promotion, web sites and advertising associated with the establishment should be discontinued.
- ( ) (70) The defendant shall seek and maintain full time employment outside the field of medical marijuana and hydroponics.
- ( ) (71) The defendant shall have no involvement whatsoever in any medical marijuana program, to include consulting, manufacture, or dispensing of controlled substances, either voluntary or in return for compensation, nor can defendant be involved with individuals seeking a doctor's recommendation.
- ( ) (72) The defendant shall not visit or associate with any hydroponic, paraphernalia or dispensing stores.
- ( ) (73) The defendant shall have no involvement in the referral of medical marijuana.

**OTHER CONDITIONS**
- (✓) (74) The defendant shall abide by other conditions as noted below:
    DO NOT ENGAGE IN FINANCIAL TRANSACTIONS INVOLVING THE ISSUANCE OF BONDS OR THE INVESTMENT BY THE DEFENDANT OF MONIES BELONGING TO OTHER INDIVIDUALS OR AS OTHERWISE APPROVED BY THE US ATTORNEY'S OFFICE IN THE SOUTHERN DISTRICT OF NEW YORK.

AO 199C  (Rev. 09/08)  Advice of Penalties

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Reno, Nevada
_____
*City and State*

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date:  5/11/2016                              _____
                                               *Judicial Officer's Signature*

                                               William G. Cobb, U.S. Magistrate Judge
                                               _____
                                               *Printed name and title*

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 3:16-mj-00070-WGC |
| BEVAN COONEY | ) | |
| | ) | Charging District: Southern District of New York |
| *Defendant* | ) | Charging District's Case No. 1:16-mj-02978-UA |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| Place: Daniel Patrick Moynihan, United States Courthouse 500 Pearl Street New York, New York 10007-1312 | Courtroom No.: To Be Determined |
|---|---|
| | Date and Time: To Be Determined |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date: 05/11/2016

*Judge's signature*

William G. Cobb, U.S. Magistrate Judge
*Printed name and title*



✓ FILED    ___ RECEIVED
___ ENTERED    ___ SERVED ON
             COUNSEL/PARTIES OF RECORD

MAY 1 1 2016

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY