```
G6EJDUNC                      Conference
```

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
3   UNITED STATES OF AMERICA,
4            v.                                    16 Cr. 371 RA
5   HUGH DUNKERLEY,
6                Defendant.
7   ------------------------------x
8
9                                                  June 14, 2016
                                                   11:10 a.m.
10
11
12  Before:
13                       HON. RONNIE ABRAMS,
14                                          District Judge
15
16                           APPEARANCES
17
18  PREET BHARARA,
         United States Attorney for the
19       Southern District of New York
    AIMEE HECTOR,
20       Assistant United States Attorney
21  BRUNE,
         Attorneys for defendant Dunkerley
22  BY:  CHRISTOPHER A. HAZLEHURST, Esq.
                  Of counsel
23
    Also Present:
24       SHANNON BIENIEK, Special Agent FBI
25

1              (In open court)

2              (Case called)

3              THE COURT:  You work with Susan Brune?

4              MR. HAZLEHURST:  Yes, your Honor, I work with Susan

5     Brune.

6              MR. GROB:  I am the CJA attorney on duty today.

7              THE COURT:  I understand, Mr. Dunkerley, who retained

8     Ms. Brune for the purposes of bail, you'd like to get new

9     counsel to represent you and you're asking that the court

10    appoint counsel free of charge.  Is that right?

11             THE DEFENDANT:  That's right.

12             THE COURT:  So what I want to do now, I just want to

13    go through your financial affidavit.  I have to say you have

14    significantly more assets than most people who get a

15    court-appointed attorney, so I just want to make sure that I

16    understand the financial affidavit before I sign off on it.

17             So you are not presently employed.  Is that correct?

18             THE DEFENDANT:  That's correct.

19             THE COURT:  And so you have $167,000 in a bank

20    account.  Is that right?

21             THE DEFENDANT: Correct.

22             THE COURT:  Approximately.

23             With respect to other income, you have the $150,000

24    which is a salary in France.  Is that a one-time payment or is

25    that an ongoing salary?

1           THE DEFENDANT:  That stopped now.  It was my annual
2    salary last year.
3           THE COURT:  That was last year.  And then there is the
4    $399,000.00 exercise in options.  So after those two payments,
5    how much do you have left?
6           Is it the $150,000 plus the 167?
7           And if counsel wants to answer instead of
8    Mr. Dunkerley, it is up to all of you.  I am just trying to get
9    a sense of the entirety of his assets so I can make this
10   determination.
11          MR. HAZLEHURST:  It is my understanding -- and Mr.
12   Dunkerley can correct me -- the 167,000 is all he currently
13   has.  After the options are exercised and after the taxes, he
14   has a small amount of that.  He put up the cash security
15   deposit for this bond in California which we are getting
16   transferred here.
17          THE COURT:  That is all left, the 167,000,
18   approximately?
19          THE DEFENDANT:  Correct.  Most of that will go in
20   taxes to do with the options exercised and other taxes I owe.
21          THE COURT:  So the tax bill that you owe, you're going
22   to use that money to pay the taxes as well as the child support
23   and the alimony?
24          THE DEFENDANT:  Yes.
25          THE COURT:  I think I understand it now.  Does the

1   government have any objection to my appointing Mr. Grob to
2   represent Mr. Dunkerley?
3           MS. HECTOR:  No, your Honor.
4           THE COURT:  I am going to sign the financial affidavit
5   and I'm going to appoint Mr. Grob to represent you.  Is it Grob
6   or Grob?
7           MR. GROB:  Grob.
8           THE COURT:  Grob?  I apologize.
9           I just ask, of course, that you turn over whatever
10  discovery you may have received from the government, to the
11  extent you have received anything yet, to Mr. Grob and that you
12  cooperate in the transition, as I am sure you will.
13          MR. HAZLEHURST:  Absolutely.
14          THE COURT:  Is there anything else we need to do
15  today?
16          MR. HAZLEHURST:  Yes, your Honor.  We're currently
17  working on satisfying Mr. Dunkerley's bail conditions, which
18  include the $200,000 cash deposit and the signature of a
19  financially-responsible person.  The government has been
20  helping out with that, but we just hit some administrative
21  snags, so we ask for an extra week to satisfy that.  It is
22  currently due tomorrow.
23          MS. HECTOR:  Your Honor, we have no objection.
24          The issue is transferring the bond from the district
25  where he was originally presented here, and we have just been

1  trying to coordinate that, but we have a no objection to an
2  additional week so we can do that.
3              THE COURT:  That is fine.  I will grant that request.
4              If you need something in writing, let me know.
5  Otherwise, you have the transcript here today, okay?
6              MR. HAZLEHURST:  Thank your Honor.
7              THE COURT:  Is there anything to discuss today?
8              MS. HECTOR:  Nothing from the government.
9              MR. GROB:  I took a quick look at the docket.  I see
10 there is another conference scheduled in November.  I am
11 assuming between now and then, there will be discovery
12 produced.  I understand it is voluminous.  I don't know that
13 there is anything else to do today.
14             THE COURT:  So, yes, you can talk to Ms. Hector and
15 get on the schedule for the review of discovery.  What I
16 anticipate doing at the November conference is asking each of
17 the defendants if they intend to make any motions.  I will set
18 a schedule to do that as well as set a trial date.
19             Review the discovery as you get it and just come
20 prepared with your schedule for trial purposes and also to get
21 a sense of how long you anticipate it will take you to make any
22 motions, if there are any, you intend to make.
23             MR. GROB:  I understand that.  Again I wasn't here at
24 the original conference.  Please excuse.  I have a couple of
25 housekeeping issues.  In the event that either I or co-counsel

G6EJDUNC                         Conference

1  find more time is necessary because of the volume, do you
2  anticipate doing that by letter, or do you want us to wait
3  until November 8th?  I would image a letter --
4              THE COURT:  More time to do what?
5              MR. GROB:  If we need more time for review of
6  discovery.  I have no idea what the volume is.
7              THE COURT:  If that is the case, we'll talk about it
8  in November.  Feel free to write me a letter at any time if
9  there are issues you feel you need to raise or you are not
10 getting discovery in a timely manner, feel free to reach out.
11             I do intend to address that issue in November.  I just
12 want to make sure that you're using this time to get yourself
13 in a position to at least know whether and how much time it
14 would take you to make motions.  So even if you're not sure
15 that you're going to make them, I want to have a timetable and
16 set a schedule in November.  That is, frankly, why at
17 defendant's request I put the conference off to such a late
18 date.
19             MR. GROB:  Thank you.
20             THE COURT:  All right.  Anything else?
21             MR. HAZLEHURST:  Nothing.
22             THE COURT:  Thank you.  We're adjourned.
23             (Court adjourned)
24
25