**SPERTUS**

**LANDES &**

**UMHOFER**
LLP

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED

12/16/16

Spertus, Landes & Umhofer, LLP
1990 South Bundy Drive, Suite 705
Los Angeles, CA 90025
P 310.826.4700  F 310.826.4711
www.spertuslaw.com

**VIA ECF**

December 16, 2016

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

Any opposition from the Government shall be filed by December 19, 2016. SO ORDERED.

_____
Ronnie Abrams, U.S.D.J.
December 16, 2016

Re: *United States v. Jason Galanis et al.*, 16-CR-371 (RA)

Dear Judge Abrams:

We write on behalf of our client, Mr. Bevan Cooney, for an order permitting the filing of Mr. Cooney's CJA 23 Financial Affidavit under seal and in camera.

Counsel for Mr. Cooney understands that the request is unusual and that such affidavits are typically made available to the government. However, the case authority on this issue indicates that where a defendant's concern about self-incrimination is more than speculative, this Court has full discretion to adopt measures designed to protect a defendant's right against self-incrimination and avoid a situation where a defendant must compromise his Fifth Amendment rights in order to secure his Sixth Amendment right to counsel. United States v. Hilson, 2004 WL 2284388, at *8 (S.D.N.Y. Oct. 12, 2004) ("[N]either Braker nor Harris precludes the courts of this circuit from adopting, at their discretion, any of a variety of protections for defendants seeking to establish their eligibility for appointed counsel under the CJA[.]") (citing United States v. Harris, 707 F.2d 653 (2d Cir. 1983); United States v. Braker, 418 F.2d 378. 380 (2d Cir. 1969)).

Here, Mr. Cooney's concerns about the Fifth Amendment implications of sharing his financial affidavit with the government are far from speculative. One need look no further than Mr. Cooney's arraignment for concrete evidence of the danger of self-incrimination posed by Mr. Cooney's representations about his finances. During that hearing, while addressing Mr. Cooney's release on bond, the government demanded more information about Mr. Cooney's finances. When that information was provided in open court, the government cited perceived (but not actual) discrepancies between that

James W. Spertus | jim@spertuslaw.com      Julia Tuverson | julia@spertuslaw.com      Samuel A. Josephs | samuel@spertuslaw.com
Ezra D. Landes | ezra@spertuslaw.com       Suzanne S. Obeda | suzie@spertuslaw.com    Dolly K. Hansen | dolly@spertuslaw.com
Matthew Umhofer | matthew@spertuslaw.com                                              Diane Bang | diane@spertuslaw.com

SPERTUS
LANDES &
UMHOFER
LLP

December 16, 2016
Page 2 of 2

information and a financial statement Mr. Cooney had completed to obtain a loan from a bank, and accused Mr. Cooney of bank fraud and misleading the Court as to his finances. (*See* Arraignment Hr'g Tr. 16:9-17.) The more detailed financial representations in the CJA financial affidavit pose an even greater risk that the government will use that affidavit against Mr. Cooney in accusing him of additional crimes.

Because the government has previously used Mr. Cooney's financial statements in an incriminatory manner, allowing the government access to Mr. Cooney's CJA financial affidavit places Mr. Cooney's Fifth Amendment right against self-incrimination in direct tension with his right to counsel under the Sixth Amendment. Mr. Cooney respectfully requests leave to file his CJA 23 Financial Affidavit under seal and in camera.

Respectfully submitted,

Matthew D. Umhofer

cc:   All counsel (via ECF)